UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.

ANTHONY HOEY, a/k/a Tony Hoey,
          *Defendant-Appellant.*

No. 98-4276

Appeal from the United States District Court
for the Western District of North Carolina, at Shelby.
Lacy H. Thornburg, District Judge.
(CR-96-53)

Submitted: July 31, 2003

Decided: August 11, 2003

Before NIEMEYER, WILLIAMS, and KING, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

### COUNSEL

Haakon Thorsen, Charlotte, North Carolina, for Appellant. Robert J. Conrad, Jr., United States Attorney, Charlotte, North Carolina; Thomas R. Ascik, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Anthony Hoey appeals from his conviction of conspiracy to manufacture, distribute, and possess with intent to distribute cocaine and crack cocaine, 21 U.S.C. § 846 (2000), for which he was sentenced to 240 months imprisonment. Finding no error, we affirm.

Hoey first claims that he was not properly served with notice of the Government's intention to seek a sentence enhancement pursuant to 21 U.S.C. § 851 (2000). The Government filed a bill of information pursuant to § 851 on July 25, 1996, giving notice of its intention to seek a sentencing enhancement due to Hoey's prior drug conviction—a 1990 state conviction for felony possession of cocaine and possession with intent to sell or deliver cocaine. Hoey initially pled guilty in September 1996 but, in April 1997, was allowed to withdraw his plea on the grounds that he had not been notified of the Government's intent to seek the sentencing enhancement.

Hoey admits that he received actual notice of the Government's intention; he claims, nevertheless, that the statute requires "service," regardless of whether the Defendant receives actual notice. At the first hearing on his motion to withdraw his guilty plea, the court asked Hoey's attorney if "there [is] any need to serve this notice since it's been filed on here." Hoey's attorney responded: "No. I think it would be moot point as far as my argument is concerned, serving notice to me now." The court took the matter under advisement and then, at the conclusion of second hearing, the district court informed Hoey that he faced a "twenty year mandatory minimum term of imprisonment . . . since the Government has filed a notice of a prior felony drug conviction; do you understand that?" Hoey responded, "Yes, sir," and was allowed to withdraw his guilty plea.

At Hoey's sentencing hearing, he again challenged the Government's alleged failure to properly serve him with § 851 notice but did not challenge the validity or existence of the conviction upon which the enhancement was based. The court asked, "Well, you both knew about it before the trial started, didn't you?" Hoey's attorney

responded, "I think that it's fair to say we knew about it before the trial started."

We find that Hoey had notice of the Government's intention and was given a full and fair opportunity to challenge the conviction upon which the enhancement was based. Moreover, he does not contest the existence or validity of the prior conviction. *See United States v. Ellis*, 326 F.3d 593, 599 (4th Cir. 2003) (finding no plain error where district court failed to fully comply with § 851, given that Defendant had knowledge of Government's intention to seek enhancement and failed to contest validity or existence of prior convictions), *petition for cert. filed*, No. 03-5410 (July 15, 2003).

Second, Hoey challenges the district court's findings of drug quantities attributable to him. The district court's drug quantity determination is reviewed for clear error, *United States v. Fletcher*, 74 F.3d 49, 55 (4th Cir. 1996), although the Government has the burden of establishing the amount by a preponderance of the evidence, *United States v. Cook*, 76 F.3d 596, 604 (4th Cir. 1996). The Sentencing Guidelines do not demand certainty and precision; they require that a court do the best that it can with the evidence in the record, erring on the side of caution. *Id.* Finally, a conspirator may be held accountable for all quantities of contraband attributable to the conspiracy which were reasonably foreseeable and which were taken within the scope of the conspiratorial agreement. *United States v. Gilliam*, 987 F.2d 1009, 1012-13 (4th Cir. 1993); *U.S. Sentencing Guidelines Manual* § 1B1.3(a)(1)(B) & comment. (n.2).

The presentence report determined that Hoey was responsible for 648.59 grams of cocaine base and 750.22 grams of cocaine powder. Tony Young, one of Hoey's suppliers, testified that, beginning in September 1995, he supplied Hoey with an ounce to one and one-half ounces of cocaine every week for seven or eight months. Therefore, according to this testimony alone, Hoey received a minimum of 798.3 grams of cocaine. Young also testified that "[i]n the summertime," Hoey was selling "about two ounces" of both cocaine and crack cocaine in "half and half" amounts every three days. Based on this testimony, approximately 850 grams of crack and 850 grams of cocaine were attributable to Hoey. Hoey cannot show that the district court's calculation was clearly erroneous. *See United States v. Ran-*

*dall*, 171 F.3d 195, 210 (4th Cir. 1999) (holding that hearsay testimony of a co-conspirator alone can provide sufficiently reliable evidence of drug quantity).

Hoey's final argument concerns the apparent loss of part of the transcript. Hoey argues that the omission of the opening and closing arguments is a violation of the Court Reporter Act, 28 U.S.C. § 753(b) (2000) and a denial of due process. The Court Reporter Act requires a complete transcript of trial proceedings. Although compliance with the Act is mandatory, there is no express remedy for its violation. This court has held that when a portion of a trial transcript is unavailable, an appellant must show "that the missing portion of the transcript specifically prejudices his appeal before relief will be granted." *United States v. Gillis*, 773 F.2d 549, 554 (4th Cir. 1985); *see United States v. Huggins*, 191 F.3d 532, 537 (4th Cir. 1999) (when a transcript is less than complete, the "defendant must show that the transcript errors specifically prejudiced his ability to perfect an appeal").

Hoey cannot show prejudice. Indeed, he even concedes that "counsel has not determined any specific error that may have occurred, and therefore has not sought a Rule 10(c) proceeding." Moreover, it is not clear if these portions of the transcript are indeed missing or whether Hoey's counsel ever ordered them.

Accordingly, we affirm Hoey's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*